O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVERRATED PRODUCTIONS, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>UNIVERSAL MUSIC GROUP, a Delaware Corporation; UNIVERSAL INTERNATIONAL MUSIC B.V., a Dutch Corporation; VIVENDI, S.A., a French Corporation; and DOES, 1 through 20,<br><br>        Defendants. | CV 17-09267-RSWL-RAO<br><br>**ORDER re: Plaintiff's Motion to Remand** [12]; **Defendants' Motion to Dismiss** [14] |

Currently before the Court is Plaintiff Overrated Productions, Inc. ("Plaintiff") Motion to Remand Pursuant to 28 U.S.C. § 1447(c) ("Motion to Remand") [12] and Defendants Universal Music Group, Inc. and Universal International Music B.V.'s (collectively, "Defendants") Motion to Dismiss Complaint, in Part,

1

Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss") [14]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Defendants' Motion to Dismiss **as MOOT**.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California corporation with its principal place of business in California. Compl. ¶ 1, ECF No. 1-1. Defendant Universal Music Group ("Universal Music Group")[1] is a Delaware corporation with its principal place of business in California, and Defendant Universal International Music B.V. ("UIMBV") is a Dutch corporation. Id. ¶¶ 2-3.

According to the Complaint, Defendants are a single enterprise, which is liable for underpaying royalty payments due to Plaintiff. Id. ¶¶ 6, 26. Plaintiff claims it is entitled to these royalties since Dennis

---

[1] Although Universal Music Group, Inc. ("UMGI") filed the Notice of Removal, as well as other documents, as Universal Music Group, see ECF Nos. 1, 15-16, 22, there appears to be some confusion about the true identity of Universal Music Group, see Pl.'s Reply in Supp. of Mot. to Remand 3:14-15, 10:12-15, ECF No. 21. Regardless, UMGI clearly is a relevant party for jurisdiction considering that UMGI and Plaintiff both treat UMGI as a party in their briefs and Plaintiff alleges that the Universal Music Group entities, including UMGI, are alter egos liable for the causes of action in the Complaint.

2

Lambert—the producer of many hit songs now owned by Defendants—assigned all of his interest in future royalties to Plaintiff. Id. ¶¶ 10-11, 17, 24-25, 28, Ex. A.

**B.  Procedural Background**

On November 6, 2017, Plaintiff filed its Complaint [1-1] in Los Angeles Superior Court. UMGI was served on November 28, 2017, and UIMBV waived service through the Notice of Removal timely filed on December 28, 2017. Notice of Removal ¶¶ 3-4, ECF No. 1.

Plaintiff filed its Motion to Remand [12] on January 15, 2018. UIMBV filed its Motion to Dismiss [14], which UMGI joined [15], on January 16, 2018. The parties timely opposed [16, 17] and replied [20, 21] to the respective Motions. On February 1, 2018, Defendants filed Evidentiary Objections and Request to Strike Portions of Plaintiff's Reply Papers in Support of Motion to Remand Making Arguments and Submitting Evidence for the First Time on Reply [22].

## II. DISCUSSION

**A.  Legal Standard**

Civil actions may be removed from state court if the federal court has original jurisdiction. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33 (2002)("Under the plain terms of § 1441(a), in order to properly remove [an] action pursuant to that provision, petitioners must demonstrate that original subject-matter jurisdiction lies in the federal courts.").

Diversity jurisdiction exists in all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity of citizenship, meaning "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The "burden of establishing jurisdiction falls on the party invoking the removal statute . . . which is strictly construed against removal." Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1371 (9th Cir. 1987)(citing Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984)). Courts resolve all ambiguities "in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B. Analysis**

    1. <u>Defendants' Evidentiary Objections and Request to Strike Portions of Plaintiff's Reply [22]</u>

Defendants object to various portions of Plaintiff's Reply. They request the Court strike those portions or give Defendants an opportunity to respond.

1 | Generally, courts do not consider evidence submitted for the first time on reply without providing the opposing party an opportunity to respond. <u>In re ConAgra Foods, Inc.</u>, 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015)(citing <u>Provenz v. Miller</u>, 102 F.3d 1478, 1483 (9th Cir. 1996)). But evidence that directly responds to proof provided in an opposition is not "new" and may be considered. <u>Id.</u> (citing <u>Edwards v. Toys "R" Us</u>, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007)).

Here, regardless of whether Plaintiff's Reply presented "new" or responsive evidence, Defendants have had an opportunity to respond by way of their Evidentiary Objections and Request to Strike. Accordingly, the Court **DENIES** Defendants' Request and will not strike any portions of the Reply.

Additionally, Defendants object to the Further Declaration of Michael Machat in Support of the Motion to Remand [21-1]. Primarily, Defendants argue that this is evidence submitted for the first time on reply. For certain evidence, Defendants contend it is irrelevant, argumentative, improper opinion, or hearsay. Because the Court does not rely on any of the objected-to evidence, Defendants' objections are **OVERRULED as MOOT**.

    2.   <u>The Court **GRANTS** Plaintiff's Motion to Remand [12] and **DENIES as MOOT** Defendants' Motion to Dismiss [14]</u>

As discussed below, Plaintiff and UMGI are proper

5

parties based on the record before the Court.  Because they are both citizens of California, and no federal question jurisdiction exists, the Court lacks subject matter jurisdiction over the case.[2]  Thus, the Court **GRANTS** Plaintiff's Motion to Remand.

        a.  *Collusive Assignment*

A plaintiff may not destroy diversity jurisdiction by making a collusive assignment.  See Attorneys Tr. v. Videotape Computer Prods., Inc., 93 F.3d 593, 598 (9th Cir. 1996).  However, courts have declined to extend Attorneys Trust where, as here, the action was filed in state court, the alleged real party in interest (here, Dennis Lambert) is not a party to the action, and the assignment was total.  See, e.g., Puncture Proof Tyres, LLC v. KCK Int'l, Inc., CV 12-06927, 2012 U.S. Dist. LEXIS 196610, at *4 (C.D. Cal. Sept. 26, 2012); Charles Schwab Corp. v. Banc of Am. Sec. LLC, No. 10-03489, 2011 U.S. Dist. LEXIS 29530, at *10-14 (N.D. Cal. Mar. 11, 2011); Go Computer, Inc. v. Microsoft Corp., No. C 05-03356 JSW, 2005 U.S. Dist. LEXIS 31404, at *6-8 (N.D. Cal. Nov. 21, 2005).  Accordingly, Plaintiff's citizenship in California is relevant for jurisdiction.

        b.  *Fraudulent Joinder*

Fraudulent joinder is a summary inquiry.  Rodriguez v. Wells Fargo Bank, N.A., No. 16-cv-02592-THE, 2016

---

[2] Because the Court lacks jurisdiction, Defendants' Motion to Dismiss is **DENIED as MOOT**.

U.S. Dist. LEXIS 94847, at *9 (N.D. Cal. July 20, 2016)(citing Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998); Hunter, 582 F.3d at 1044). By arguing that there is no basis to hold UMGI liable on any claim, Defendants essentially ask the Court to determine that UMGI is not liable as an alter ego. Compare Defs.' Opp'n to Pl.'s Mot. to Remand 1:28-2:1, ECF No. 16, with Compl. ¶ 35. Because alter ego is a factual determination "encompass[ing] a host of factors," Zoran Corp. v. Chen, 110 Cal. Rptr. 3d 597, 606 (Ct. App. 2010), the Court cannot summarily decide this issue without reaching the merits of Plaintiff's claims. Moreover, Defendants rely on summary judgment decisions to support their arguments, but here, Plaintiff has not even had the benefit of discovery yet. As such, "Defendants' argument is one for the state court to decide." Rodriguez, 2016 U.S. Dist. LEXIS 94847, at *9 (internal quotation marks and quotation omitted).

In sum, the Court must remand this Action since Defendants failed to overcome the presumption against removal and fraudulent joinder. Hunter, 582 F.3d at 1046 (quotation omitted); see also Waterman v. Wells Fargo & Co., No. CV-17-7190-MWF (JEMx), 2018 U.S. Dist. LEXIS 1749, at *19-20 (C.D. Cal. Jan. 4, 2018)(noting that "the question is not whether Plaintiff has already proven that [Defendants] are an 'integrated enterprise,' but whether it is possible for Plaintiff

to state a claim against [one of Defendants] under that theory"); Mitchell v. Am. Servicing Co., No. ED CV 10-1650-GHK (Ex), 2010 U.S. Dist. LEXIS 138317, at *4 (C.D. Cal. Dec. 22, 2010)("This is not a case in which a plaintiff's theory of recovery is specifically foreclosed by law.").

    c. *Jurisdictional Discovery*

 Before the Court remands the Action, Defendants seek jurisdictional discovery of the following: (1) the agreement assigning contractual rights to Plaintiff; (2) all other documents evidencing ownership of the contract and who possesses the right to future royalties; (3) documents showing who has owned and now owns Plaintiff, who have been and are officers and directors of Plaintiff, what assets Plaintiff owned and now owns, and who has ever been employed by Plaintiff; (4) documents reflecting communications concerning the "estate planning benefit" Plaintiff refers to in its Motion to Remand; (5) documents involving Plaintiff's negotiations with Imagine Entertainment about the remake of "Of All The Things"; and (6) documents regarding the business reason for Plaintiff's change of business address and identification of its CEO on December 7, 2017. Opp'n 18:10-19:9.

 District courts have discretion to remand to state court rather than order jurisdictional discovery, "with the knowledge that later-discovered facts may prompt a second attempt at removal." Abrego v. Dow Chem. Co,

443 F.3d 676, 691 (9th Cir. 2006); see Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)("By assuring that removal occurs once the jurisdictional facts supporting removal are evident, we also ensure respect for the jurisdiction of state courts."). Here, Defendants' request is limited to the alleged collusive nature of Plaintiff's assignment. As discussed above, the Court finds no issue with the assignment. Thus, jurisdictional discovery is unwarranted.

         d. *Attorneys' Fees*

Given the Court's decision to remand, Plaintiff seeks attorneys' fees and costs for improper removal. Mot. 11:11-12; see 28 U.S.C. § 1447(c). A court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, Defendants had a reasonable basis for removing due to its legitimate fraudulent-joinder arguments, so Plaintiff's request is **DENIED**.

///
///
///

| | |
|---|---|
| 1 | **III. CONCLUSION** |
| 2 | Based on the foregoing, the Court **GRANTS** |
| 3 | Plaintiff's Motion to Remand [12] and **DENIES as MOOT** |
| 4 | Defendants' Motion to Dismiss [14]. The Court **REMANDS** |
| 5 | this Action back to the Superior Court of California |
| 6 | for the County of Los Angeles, Central District, Case |
| 7 | No. **BC682325**. |
| 8 | **IT IS SO ORDERED.** |
| 9 | DATED: March _1, 2018          s/ RONALD S.W. LEW |
| 10 |                               **HONORABLE RONALD S.W. LEW**<br>                               Senior U.S. District Judge |